UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\quad\quad$ *Plaintiff-Appellee,*

v.

WALTER J. MOBLEY,
$\quad\quad$ *Defendant-Appellant.*

No. 02-4772

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson Everett Legg, Chief District Judge.
(CR-01-595-L)

Submitted: April 17, 2003

Decided: May 5, 2003

Before WIDENER, WILKINSON, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Walter J. Mobley appeals his conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to thirty months of imprisonment to be followed by a three-year term of supervised release. Finding no error, we affirm.

Mobley contends that the district court erred when it denied his motion to suppress the statements he made to police during the execution of a search warrant at his residence. After police had recovered a handgun located in a bag in the bedroom, Mobley spontaneously stated, "I got that from a crack dealer down the street." Police then gave Mobley his *Miranda*[1] warnings, and Mobley repeated his self-incriminating statement.

We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Mobley contends that the statements he made to police were not voluntary because they were made soon after police had deployed a "flash-bang"[2] designed to disorient and confuse him. For a statement to be deemed involuntary under the Due Process Clause of the Fifth Amendment, it must be obtained by (1) threats or violence; (2) direct or implied promises; or (3) the exertion of improper influence. *United States v. Braxton*, 112 F.3d 777, 782-83 (4th Cir. 1997). The voluntariness of a statement is determined by the totality of the circumstances,

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]A "flash-bang," also known as a noise flash diversion device, is a light and sound device that gives a very loud explosive noise and a bright flash of light when released, and is designed to temporarily disorient and confuse an individual so that police can gain a tactical advantage.

including the characteristics of the defendant, the setting of the interview, and the details of the interrogation. *United States v. Wertz*, 625 F.2d 1128, 1134 (4th Cir. 1980). The key question is whether the defendant's will was "overborne" or his "capacity for self-determination critically impaired." *United States v. Pelton*, 835 F.2d 1067, 1071-72 (4th Cir. 1987).

We conclude that the district court properly found that Mobley made the incriminating statements voluntarily. Two detectives present at the scene testified that Mobley did not appear to be disoriented in any way. In addition, Mobley stated to one of the detectives that the "flash-bang" had no effect on him because he dove to the floor as soon as he saw the device. Although Mobley's statements may have been ill-advised, there was no evidence that they were made as a result of duress or coercion. Instead, Mobley's statements were likely an attempt to explain the presence of the handgun that police had just found.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*